IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-00727-NYW-SBP

SHERRY MCGANN,

    Plaintiff,

v.

JEANNE JAGOW,
DAVID M. MILLER, individually, and in the official capacity as United States Court Appointed Trustee and Counsel,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation and Order on Several Motions issued by the Honorable Susan Prose on June 20, 2024. [Doc. 12]. Judge Prose recommends that Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint Motion for Hearing and Jury Trial (the "Motion to Dismiss"), [Doc. 9], be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. [Doc. 12 at 12]. Plaintiff Sherry McGann ("Plaintiff" or "Ms. McGann") filed a "Combined Motion for Reconsideration and Conditional Request for Permission," [Doc. 14], which this Court construes as objections to Judge Prose's Recommendation. Defendants responded to Plaintiff's objections. [Doc. 17].[1] For the reasons set forth in this Order, Plaintiff's objections are **OVERRULED** and the Recommendation is **ADOPTED**.

---

[1] Ms. McGann filed "Plaintiff's Response to ECF No. 17 – (Defendant Response to Motion Reconsideration and Objection . . . and Plaintiff's Comprehensive Motion for Summary Judgment, Request for Appointment of Counsel, and Notification of U.S. Bankruptcy Court Bond Demand." [Doc. 18]. To the extent Plaintiff attempts to file a reply in support

## LEGAL STANDARDS

### I. Rule 72(a)

When a magistrate judge issues an order on a non-dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard of review, a magistrate judge's findings should not be rejected merely because the district court would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

### II. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and

---

of her objections, Rule 72 does not contemplate a reply in support of objections, *see* Fed. R. Civ. P. 72, and this Court does not permit the filing of a reply in this context "absent leave of Court and good cause shown," *see* NYW Civ. Practice Standard 72.3(c). Ms. McGann did not obtain leave of Court prior to filing her reply. Moreover, to the extent this filing could be construed as a motion for summary judgment, the filing fails to comply with numerous requirements for such motions set forth in the Practice Standards. *See* NYW Civ. Practice Standard 7.1D(b). And finally, insofar as Plaintiff moves for appointment of counsel, this request is duplicative of the relief requested in Plaintiff's three other motions for appointment of counsel, *see* [Doc. 2; Doc. 8; Doc. 19], one of which has already been denied by Judge Prose, *see* [Doc. 12 at 12]. For all of these reasons, Plaintiff's filing at [Doc. 18] is **STRICKEN** as improperly filed.

2

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

In the absence of a specific objection necessitating de novo review, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this circumstance, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

### III.   Rule 12(b)(1)

Under Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim.  Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in

---

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quotation omitted).

## IV. Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords her filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The events underlying this case are explained in detail in Judge Prose's Recommendation, *see* [Doc. 12 at 1–7], and the Court repeats them here only as necessary. Ms. McGann currently has a Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Case"). [Doc. 5 at 3 n.3; *id.* at 8]; *see also In re: McGann*, No. 20-bk-18118-TBM (Bankr. D. Colo.).[3] The Defendants in this case are Jeanne Jagow, the Chapter 7 Trustee (the "Trustee" or "Ms. Jagow"), and David M. Miller, counsel for the Trustee ("Mr. Miller," and collectively with Ms. Jagow, "Defendants"). *See* [Doc. 5 at 1; Doc. 9 at 1].

In her Amended Complaint, Ms. McGann alleges that she "has been held INVOLUNTARILY in the bankruptcy since March of 2022" because "she has provided proof that she can fund the bankruptcy in its entirety and immediately," but the case has

---

[3] In line with Judge Prose's convention, the Court cites to docket entries in the Bankruptcy Case using the convention "Bankr. ECF No. __." When citing to docket entries filed in this case, the Court uses the convention "Doc. No. __."

nevertheless proceeded. [Doc. 5 at 11]. She asserts five claims against the Trustee and her counsel in the Bankruptcy Case, Mr. Miller: (1) abuse of process; (2) civil conspiracy; (3) fraud; (4) intentional infliction of emotion distress; (5) invasion of privacy; and (6) negligent misrepresentation. [*Id.* at 2–3]. She requests injunctive relief in the form of a Court order permanently removing the Trustee from her bankruptcy case and money damages. [*Id.* at 12–13].

On June 11, 2024, Defendants moved to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. [Doc. 9 at 3–11]. Judge Prose recommends that the Motion to Dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. [Doc. 12 at 12]. Judge Prose also denied Plaintiff's Motion for Appointment of Counsel, [Doc. 2], given her determination that the Court lacks subject matter jurisdiction over the case, [Doc. 12 at 12].

Ms. McGann objects to Judge Prose's recommendation to grant the Motion to Dismiss and her denial of the Motion to Appoint Counsel. *See generally* [Doc. 14]. The Court construes Plaintiff's objections to the Recommendation as having been filed under Rule 72(b) and construes Plaintiff's objections to the denial of appointment of counsel as objections to a non-dispositive order under Rule 72(a). The Court addresses the substance of Judge Prose's Recommendation and Plaintiff's objections below.

**ANALYSIS**

**I.  The Framework of this Case**

In the Motion to Dismiss, Defendants argue that the Court lacks subject matter jurisdiction over this case pursuant to the *Barton* doctrine. [Doc. 9 at 3–6]. The *Barton* doctrine provides that "before suit is brought against a receiver leave of the court by which

5

he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128 (1881). The *Barton* rule encompasses bankruptcy trustees, as well; the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that the doctrine "precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court." *Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017) (quoting *Satterfield v. Malloy*, 700 F.3d 1231, 1234–35 (10th Cir. 2012)). "[T]he protections of the *Barton* doctrine also extend to the trustee's counsel, where counsel acts under the direction of, or as the functional equivalent of, the trustee." *Id.*

The *Barton* doctrine "is jurisdictional in nature," *Satterfield*, 700 F.3d at 1234, and federal district courts lack subject matter jurisdiction over claims against a receiver or a trustee "unless and until the plaintiff obtains leave from the court that appointed that [r]eceiver [or trustee] to bring such claims." *Dougherty v. Hunter & Assocs., PA*, 527 F. Supp. 3d 1275, 1280 (D. Colo. 2021).

However, the *Barton* doctrine "is not without its limitations." *Lankford*, 853 F.3d at 1122. An "ultra vires" exception to the *Barton* doctrine exists and is applicable when, "by mistake or wrongfully, the receiver takes possession of property belonging to another." *Satterfield*, 700 F.3d at 1235 (quoting *Barton*, 104 U.S. at 134). The individual whose property is wrongfully seized "may bring suit against a receiver 'personally as a matter of right; for in such case the receiver would be acting ultra vires.'" *Id.* (quoting *Barton*, 104 U.S. at 134). This exception applies only when the trustee wrongfully seizes the assets of a third party. *Id.* at 1235–36. It does not apply to the debtor's potential claims against the trustee: "In suits brought by a debtor against the trustee, claims based on acts that

6

are related to the official duties of the trustee are barred by the *Barton* doctrine even if the debtor alleges such acts were taken with improper motives." *Id.* at 1236.

Defendants argue that the *Barton* doctrine applies here, and because Plaintiff has not sought and obtained permission from the bankruptcy court to bring this action, the case must be dismissed. [Doc. 9 at 6]. Plaintiff disagrees; in opposing dismissal, she argues that she did obtain permission from the bankruptcy court to bring her claims in this case, relying on a "directive" from the Honorable Elizabeth E. Brown. [Doc. 10 at 2].[4] In so doing, she cites to a bankruptcy court order dated June 1, 2023. *See* [Doc. 10 at 2]; *see also* [Bankr. ECF No. 263]. In the alternative, she asserts that the *Barton* doctrine is inapplicable because "the Trustee's actions extend beyond her official duties and include misconduct and harassment." [*Id.*]. And finally, she directs the Court to *In re Harris*, 590 F.3d 730 (9th Cir. 2009), which she argues "allows for suits against trustees for actions taken outside their official capacity." [Doc. 10 at 3].

Judge Prose recommends that the Motion to Dismiss be granted. [Doc. 12 at 12]. Judge Prose agrees with Defendants that "the *Barton* doctrine applies to all of the claims in this case," noting that she reviewed the entire bankruptcy court order cited by Ms. McGann and observing that the cited order "does not address a request for leave to sue the Trustee." [*Id.* at 11]. According, Judge Prose concludes that Ms. McGann has not obtained permission from the bankruptcy court to sue the Trustee in another venue. [*Id.*]. Judge Prose also explains that she is unpersuaded by Plaintiff's reliance on *Harris*, explaining that *Harris* is inapplicable to this case because (1) it addresses claims brought

---

[4] Judge Brown presided over the Bankruptcy Case until June 28, 2023, at which time the case was reassigned to the Honorable Thomas B. McNamara. *See* [Bankr. ECF Notice of Reassignment of Case, (Bankr. D. Colo. June 28, 2023)].

in bankruptcy court, not district court, and (2) "Ms. McGann's claims do not allege any conduct by Ms. [Jagow] outside her official duties." [*Id.* at 11–12]. And finally, Judge Prose concludes that the ultra vires exception to the *Barton* doctrine does not apply here because "Ms. McGann does not assert that either Defendant seized or is attempting to seize the property of a third person; rather, Ms. McGann alleges that Defendants have seized Ms. McGann's home and other property." [*Id.* at 10–11]. As a result, Judge Prose concludes that the Court lacks subject matter jurisdiction over this case under the *Barton* doctrine and recommends that the case be dismissed on this basis. [*Id.* at 12].

## II. Plaintiff's Objections

Plaintiff raises a number of objections to Judge Prose's recommendation and order, and the Court discusses each below.

***Permission from the Bankruptcy Court.*** First, Ms. McGann references an order issued by Judge Brown in the Bankruptcy Case and asserts that she "interpreted this order as permission to pursue additional claims against the Trustee in another forum, specifically the District Court." [Doc. 14 at 2]. The Court notes that Ms. McGann now directs the Court to a bankruptcy court order dated June 21, 2023, [Bankr. ECF No. 268], while she previously relied on the bankruptcy court's order dated June 1, 2023, [Bankr. ECF No. 263]; *compare* [Doc. 14 at 2], *with* [Doc. 10 at 2]. Elsewhere in her objections, Ms. McGann explains that she accidentally cited to the wrong order in opposing the Motion to Dismiss. *See* [Doc. 14 at 3]. In other words, Plaintiff's argument that she obtained permission from the bankruptcy court via the June 21, 2023 order not presented to Judge Prose for consideration. The undersigned's Civil Practice Standards require that if an objecting party seeks to make arguments or rely on exhibits that were not

8

presented to the Magistrate Judge, the party "must expressly identify those arguments and/or exhibits and explain why such omitted arguments and/or exhibits should be considered, in the first instance, upon Objection." NYW Civ. Practice Standard Civ. Practice Standard 72.3(b). Because Plaintiff proceeds pro se and explains that her erroneous citation was an honest mistake, the Court will consider Plaintiff's reliance on the June 21, 2023 order.

The order is titled "Amended Order Granting Trustee's Application to Employ LIV Sotheby's International Realty as Listing Agent/Broker" and appointed LIV Sotheby's International Realty as the listing agent/broker with respect to the marketing and sale of real property at issue in the Bankruptcy Case. [Bankr. ECF No. 268 at 1]. Relevant here, Ms. McGann had filed a response in opposition to the Trustee's application for such appointment, "ask[ing] the court to deny the Trustee's Motion to list the Grand Land house with a broker/agent and order [the Trustee] removed from the process completely as McGann prepares to refile chapter 11 and rehabilitate." [Bankr. ECF No. 267 at 7]. In the order granting the application, Judge Brown stated that "the other relief the Debtor has requested in her Response must be sought by separate motion." [Bankr. ECF No. 268 at 2].

Ms. McGann argues that she, in good faith, interpreted this order as granting her permission to bring her claims in this venue. [Doc. 14 at 2]. However, the Court respectfully concludes that nothing in this order granted Plaintiff permission to sue the Trustee in district court. First, Plaintiff's response referenced in Judge Brown's order does not mention any desire or intent to bring tort claims against the Trustee or expressly seek permission to do so. [Bankr. ECF No. 267]. Moreover, Judge Brown's directive that the

9

relief Ms. McGann requested (i.e., that the Trustee be removed from the case) must be sought "by separate motion" cannot reasonably be read to provide permission to bring a separate civil *action* in district court against the Trustee.  Accordingly, Plaintiff has not directed the Court to any evidence that she was granted permission from the bankruptcy court to bring these claims, and her objection to this portion of the Recommendation is respectfully **OVERRULED**.

*Ultra Vires Exception.*  Next, Plaintiff argues that "the Barton doctrine does not protect trustees acting beyond their authority" and that "[t]he Trustee's actions, including forced turnover and harassment, exceed her statutory duties and are considered ultra vires."  [Doc. 14 at 2].  This objection appears to invoke two separate theories:  first, that the *Barton* doctrine is inapplicable to this case because her claims do not relate to the Trustee's duties in the administration of the bankruptcy, and second, that the ultra vires exception to the *Barton* doctrine applies.  However, Plaintiff does not identify any specific error in Judge Prose's analysis, so as to "put the district court on notice of the basis for the objection."  *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007); *see also Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020) ("In objecting to the magistrate judge's recommendation, plaintiffs must raise specific arguments addressing purported errors in the recommendation; plaintiffs may not reiterate [their] identical arguments hoping to get a different outcome.").

Because Plaintiff does not identify a specific objection to Judge Prose's Recommendation, she has not preserved the objection for de novo review, *see Strepka*, 494 F. Supp. 2d at 1230, and the Court sees no clear error in Judge Prose's analysis.  Judge Prose explains in her Recommendation that the Barton doctrine applies here

10

because Plaintiff's claims "concern only Ms. Jagow's actions and omissions in her duties as the Chapter 7 Trustee, and Mr. Miller's actions and omissions as counsel for the Trustee" and "do not allege any conduct by Ms. [Jagow] that was outside her official duties." [Doc. 12 at 10, 12]. Furthermore, as explained by Judge Prose in her Recommendation, see [id. at 10], there is no "general tort exception to the Barton doctrine," Lankford, 853 F.3d at 1122. The ultra vires exception applies only when a trustee or receiver wrongfully seizes a third-party's assets. Satterfield, 700 F.3d at 1235–36. As Judge Prose explains, "Ms. McGann does not assert that either Defendant seized or is attempting to seize the property of a third person; rather, Ms. McGann alleges that Defendants have seized Ms. McGann's home and other property." [Doc. 12 at 10–11]. The Court agrees with this analysis, and Plaintiff's objection is respectfully **OVERRULED**.

***Equitable Objection.*** Ms. McGann next asserts that it would be inequitable to preclude her from pursuing her claims in this case because the Trustee has "expanded the scope of Spencer Fane LLP's employment as her attorney to include broader actions, beyond the normal administrative duties of a trustee." [Doc. 14 at 3]. Ms. McGann appears to be referencing the bankruptcy court's order permitting Spencer Fane LLP—the firm representing the Trustee in the Bankruptcy Case—to represent Defendants in this case. See [Bankr. ECF No. 441]. However, Ms. McGann did not raise this argument before Judge Prose, see generally [Doc. 10], and she does not explain why this Court should consider this argument in the first instance in her objections, see [Doc. 14]. Moreover, Plaintiff does not cite any case law establishing an "equitable" exception to the Barton doctrine, and the Court is not persuaded that any inequities would result from applying the Barton doctrine here. This objection is **OVERRULED**.

11

***Appointment of Counsel.*** Plaintiff states that "[i]n her previous filings," she mistakenly cited the wrong document from the Bankruptcy Case "due to the overwhelming complexity and mental strain of managing these proceedings as a pro se litigant," which "underscores the need for appointed counsel to ensure accurate and effective representation." [Doc. 14 at 3]. She also says that the "prolonged litigation and the intricate legal maneuvers involved have caused [her] considerable emotional and mental distress," which she asserts necessitates appointment of pro bono counsel. [*Id*.]. However, these statements do not identify any particular portion of Judge Prose's order denying appointment of counsel that Plaintiff believes is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). While the Court acknowledges the difficulties that pro se litigants face navigating the federal court system, the Court finds no error in Judge Prose's decision to deny appointment of counsel in a case over which the Court lacks subject matter jurisdiction. This objection is respectfully **OVERRULED**.

***Conditional Request for Permission from the Bankruptcy Court.*** Finally, Plaintiff states that "[s]hould the District Court require explicit permission from the Bankruptcy Court, I respectfully request that the Bankruptcy Court grant me leave to pursue by claims against the Trustee and her counsel in the District Court." [Doc. 14 at 4]. However, Plaintiff cannot request this sort of relief in this case; any request that the bankruptcy court take some action must be directed to that court via a formal filing in the Bankruptcy Case.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1)   Plaintiff's Objections [Doc. 14] are **OVERRULED**;

(2) The Recommendation and Order on Several Motions [Doc. 12] is **ADOPTED**;

(3) Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint Motion for Hearing and Jury Trial [Doc. 9] is **GRANTED**;

(4) This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction;

(5) Plaintiff's Emergency Motion to Half Trustee's Actions, for Appointment of Counsel, and to Demand Immediate Release from Bankruptcy, [Doc. 8], and Emergency Motion for Judicial Intervention and Request for Appointment of Counsel, [Doc. 19] are **DENIED as moot**;

(6) Defendants are entitled to their costs pursuant to Federal Rule 54 and D.C.COLO.LCivR 54.1; and

(7) The Clerk of Court is directed to close this case.

DATED: July 19, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge